# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAYNOR CARLOCK,**<br><br>　　　　**Plaintiff,**<br>　v.<br><br>**COLLINS MOTOR COMPANY, RICHARD H. COLLINS, SR., RICHARD H. COLLINS, JR., RITA A. COLLINS, & KRISTEN COLLINS, and DOES 1 through 10, Inclusive,**<br><br>　　　　**Defendants.** | Civil Case No. 04cv0370 J (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ENFORCEMENT OF ORDER FOR ATTORNEY'S FEES AND COSTS/ CLARIFICATION OF ORDER FOR ATTORNEY'S FEES AND COSTS (Fed R. Civ. P. 54(d)(2))** |

Before the Court is Defendant's Motion for Enforcement of Order for Attorney's Fees and Costs/Clarification of Order for Attorney's Fees Costs ("Motion"). [Doc. No. 107.] For the reasons set forth below, the Court **GRANTS** Defendant's Motion, and **CLARIFIES** and **ENFORCES** its order imposing sanctions upon Plaintiff's Counsel.

## *Background*

On February 20, 2004, Plaintiff filed a Complaint alleging violations of the Americans With Disabilities Act ("ADA") and related state law claims. [Doc. No. 1.]

On May 2, 2005, the Court ordered that Plaintiff be declared a vexatious litigant and issued a pre-filing injunction against Plaintiff. [Doc. No. 70.] The Court found that Plaintiff was filing an inordinate number of ADA and related state law claims with the bad faith motive of harassing businesses in order to extract quick cash settlements. (*Id*. at 10.) On May 4, 2005, the Court issued an Order dismissing Plaintiff's ADA claim for lack of standing and mootness and dismissing Plaintiff's state law claims for lack of subject matter jurisdiction. [Doc. No. 71.] On May 23, 2005, Defendant filed a motion for attorney's fees against Plaintiff. [Doc. No. 75.] On September 7, 2005, Plaintiff filed a notice of his own motion for award of attorney's fees. [Doc. No. 90.]

On September 19, 2005, the Court issued an Order granting Defendant's motion for attorney's fees and denying Plaintiff's motion for attorney's fees ("Order"). [Doc. No. 93.]

On November 6, 2007, Defendant filed the present Motion. [Doc. No. 107.] On November 13, 2007, Plaintiff filed its Opposition and Objection to Defendant's Motion ("Opposition"). [Doc. No. 108.] On November 26, 2007, Defendant filed its Reply Brief to Plaintiff's Opposition ("Reply Brief"). [Doc. No. 110.]

### *Legal Standards*

**I.      Attorney's Fees and Costs Pursuant to 28 U.S.C. § 1927**

Title 28, United States Code, Section 1927 ("section 1927") provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 does not permit sanctions for the initial filing of the complaint; rather, the sanctions only apply to subsequent filings and tactics which multiply the proceedings. *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996).

To award sanctions under section 1927, the court must make a finding of recklessness or bad faith. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *see also West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990).

**II.    Attorney's Fees and Costs Pursuant to the Court's Inherent Power**

In addition, a federal court has the inherent power "to levy sanctions, including attorneys' fees, for willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink*, 239 F.3d at 992 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)); *see also Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991) (stating that as an "appropriate sanction for conduct that abuses the judicial process," "an assessment of attorney's fees is undoubtedly within the court's inherent power.").

Sanctions under the court's inherent power are only warranted when an attorney has acted in bad faith. *Id*. at 993; *see also Keegan*, 78 F.3d at 436. Bad faith is found where an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus Auto Fin. Servs. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also Fink*, 239 F.3d at 992 (bad faith includes a broad range of improper conduct, including actions that are not frivolous, yet are "substantially motivated by vindictiveness, obduracy, or mala fides.").

*Discussion*

Defendant moves the Court for an Order enforcing and/or clarifying the Court's prior Order granting Defendant's Motion for Attorney's Fees. (Motion at 1.) The parties now dispute as to whether the Court ordered sanctions merely against Plaintiff or also against Plaintiff's counsel. Defendant sought attorney's fees, both as the prevailing party under the ADA and as sanctions under Section 1927. (*Id.* at 2.) The Court ruled in its Order, "Based upon the particular circumstances of the present case, the Court finds it appropriate under both the Court's inherent power and Section 1927 to impose sanctions against Plaintiff in the form of reasonable attorney's fees and costs." (Order at 5.) The Court granted attorney fees in the amount of $14,275.50, fees for legal assistant and paralegal services in the amount of $4,983.00, and costs in the amount of $1,605.20, for a total of $20,863.70.[1] (*Id.* at 6-7.) The Court further stated that, "[s]ince the Court finds sufficient authority under both Section 1927 and the Court's inherent

---

[1] Defendant also sought fees associated with bringing the Motion for Attorney's Fees; the Court included such fees in its calculation.

power to award Defendant's attorney's fees and costs, the Court declines to address whether such expenses are warranted in the present case under the ADA." (*Id*. at 5.)  Because the Court relied solely on its inherent power and on section 1927, which apply only to the award of sanctions against the attorney, the Court **FINDS** that Plaintiff's counsel, Roy L. Landers, is specifically liable for Defendant's costs and fees.

Defendant argues that the Court's Order specifically awards the recovery of attorney fees and costs as against Plaintiff and Plaintiff's counsel, Roy L. Landers.  (Motion at 1.)  In support of his argument that the fees are also the responsibility of Plaintiff's counsel, Defendant notes that the Court's Order "specifically grants Defendant's motion based, in part, on Title 28, United States Code section 1927," which applies to attorneys only and not the party.  (*Id.*)

Plaintiff contends that the Court's Order "clearly and specifically does not contain any language to the effect that Roy L. Landers, as plaintiff's counsel ... is jointly or severally liable for any of the findings that the court made with regard to its order and judgment for sanctions against plaintiff Gaynor Carlock."  (Opposition at 2.)  Plaintiff concedes that the Court made several references in its Order that the ruling was based upon both its inherent power and that under section 1927.  (*Id*.)  Plaintiff argues, however, that "the Court is not bound ... to find a violation of 28 U.S.C. [sic].  It can and did find under its inherent authority the means whereby it determined sanctions."  (*Id*. at 3.)  Plaintiff further asserts that the Court did not make the necessary finding that Plaintiff's counsel acted in bad faith for sanctions under section 1927.  (*Id*.)

Plaintiff misconstrues the Court's Order when he argues that the Court is not bound to find a violation of section 1927.  (*Id*.)  The Court expressly found it appropriate, pursuant to both the Court's inherent power and section 1927, to impose sanctions against Plaintiff.  (Order at 6.)  Furthermore, the Court did make explicit findings of bad faith, improper purpose, and improper motive on the part of Plaintiff's counsel.  (*Id.* at 5.)  The Court reasoned that it "specifically found that 'Plaintiff's complaints when viewed in the aggregate are contrived and incredible, manifesting bad faith and the improper motive of extracting quick cash settlements' and that 'Plaintiff's contrived claims were made in bad faith and for the improper purpose of harassing

defendants and extracting cash settlements.'" (*Id.*) Plaintiff has filed 85 suits in the Southern District of California, in all of which he was represented by Roy L. Landers. [Doc. No. 70 at 3-4.] The Court concluded in its Vexatious Litigant Order that, "Plaintiff Gaynor Carlock, and his attorney, Roy Landers, have actively engaged in the lucrative 'cottage industry' of filing ADA claims with related state law claims for damages to harass businesses into quickly entering into cash settlements." (*Id.* at 14.) This is a sufficient finding of bad faith for purposes of attorney sanctions under section 1927.

## *Conclusion*

The Court specifically made a finding of bad faith and found it appropriate to impose sanctions against Plaintiff under both its inherent authority and section 1927. As section 1927 only applies to the award of sanctions against the attorney, the Court **GRANTS** Defendant's Motion and **CLARIFIES** and **ENFORCES** its order imposing sanctions upon Plaintiff's Counsel.

**IT IS SO ORDERED**.

DATED: April 7, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Ruben B. Brooks
    All Counsel of Record